FILED
2009 May-06 PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**MARK ALLEN SAVAGE,**         ]
                                ]
    **Petitioner,**         ]
                                ]
**v.**                           ]         **Case No.: 5:08-CV-2424-RDP-RRA**
                                ]
**WARDEN C. I. HADLEY, et al.,** ]
                                ]
    **Respondents.**        ]

## **MEMORANDUM OPINION**

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the action be dismissed, because it is barred by the statute of limitations and because Petitioner had not made a showing of actual innocence. Objections have been filed.

In his objections, Petitioner argues that he can prove he is actually innocent without presenting new reliable evidence showing that it is more likely than not that no reasonable juror would have convicted him. He claims this is the case because he has presented the court with case law offering "a new interpretation of the statute under which [he] was convicted and sentenced." *Petitioner's Objections*, Court Document 11 at 4. He offers the following argument in support of this theory:

> In *Johnson v. Florida Department of Corrections*, 513 F.3d [1334 n. 10] (11th Cir. 2008), the Eleventh Circuit Court of Appeals addressed a very similar issue and stated:
>
> > We note that Johnson does not offer new evidence, but simply a new interpretation of the burglary statute. Although *Schlup* suggests that this is insufficient, *see Schlup*, 513 U.S. at 324, 115 S. Ct. at 865 ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that

> was not presented at trial."), the Supreme Court's opinion in *Bousley*, 523 U.S. at 622-24, 118 S. Ct. at 1611-12, suggests otherwise. *See id.* (indicating that a federal habeas petitioner should be permitted the opportunity to raise an actual innocence claim based on a new interpretation of the statute under which he pled guilty).

*Id*. at 4-5. Petitioner argues that the "new evidence shows that the 1989 Honda 300 4-wheeler simply is not included within the definition of motor vehicle as that term is used in the charging statute." *Id*. at 5.

Without question, courts have held that new evidence is not necessarily required when an intervening change in the law indicates that the conduct for which a defendant was convicted might no longer be criminal. However, none of the cases cited by Petitioner is a criminal case, and certainly none involves an intervening change in the law indicating that the conduct for which he was convicted is no longer criminal.

Petitioner has cited *Hipsh v. Graham Creek Estates Owners Ass'n, Inc.*, 927 So.2d 846 (Ala.Civ.App. 2005); *Cannon By and Through Cannon v. State Farm Mut. Auto. Ins. Co.*, 590 So.2d 191 (Ala. 1991); *Wilhite v. State Farm Fire and Cas. Ins. Co.*, 541 So.2d 22 (Ala. Civ. App. 1989); *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004); *Lebel v. Rampage Sport Fishing Yachts*, No. 06-61890-CIV, 2007 WL 1724942 (S.D. Fla. June 14, 2007); *Matter of Greenway*, 71 F.3d 1177 (5th Cir. 1996); *Peachtree Cas. Ins. Co., Inc. v. Sharpton*, 768 So.2d 368 (Ala. 2000). Only two of these cases, *Hipsh* and *Lebel*, were decided after Petitioner's conviction.[1] In *Hipsh*, a homeowners' association sued a homeowner for violating a restrictive covenant forbidding recreational vehicles such as motor homes, house trailers, and campers from being parked in any lot

---

[1] Clearly, any case decided before Petitioner's conviction cannot possibly be an **intervening** change in the law. Moreover, none of the cases cited by Petitioner, but decided prior to his conviction, involved the definition of motor vehicle for purposes of the Alabama theft statute.

or on the street.  The court found that the homeowners' travel-trailer was a "recreational vehicle" subject to the restrictive covenant.  927 So. 2d at 850.  In *Lebel*, the purchaser of a boat sued the manufacturer for violation of Florida's "Lemon Law."  The law required that the manufacturer of a "motor vehicle" make necessary repairs to the vehicle during the term of the warranty.  2007 WL 1724942 at *4.  The court found that the boat was not a "motor vehicle" for purposes of the "Lemon Law."  *Id*. at *5.

Neither of these cases lends any support to Petitioner's argument that the "1989 Honda 300 4-wheeler is simply not included within the definition of motor vehicle as that term is used in the charging statute."  Furthermore, in the only case the court can find involving a four-wheeler and Alabama's first degree theft statute, the defendant was convicted of first degree theft of a four-wheeler.  *See Ryan v. State*, 865 So. 2d 1239 (Ala. Crim. App. 2003).  There is no evidence that the conduct for which Petitioner was convicted no longer amounts to first degree theft or that he is otherwise factually innocent.  Therefore, the Petition is barred by the statute of limitations.

The court has considered the entire file in this action, including the report and recommendation and Petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  This habeas petition is due to be dismissed.  An appropriate order will be entered.

**DONE** and **ORDERED** this ____6th____ day of May, 2009.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE